UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>C. PFEIFFER,<br><br>　　　　Respondent. | Case No.   2:21-cv-01731-JDP (HC)<br><br>ORDER:<br><br>(1) GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS;<br><br>(2) FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF Nos. 1 & 2 |

　　　　Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  After reviewing the petition, I find that the petition cannot proceed because: (1) it appears that petitioner's direct appeal of his conviction is still pending; and (2) he is attacking two separate state proceedings.  I will give petitioner an opportunity to amend.

　　　　The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner states that he was convicted in March 2020, in the Sacramento County Superior Court, of filing false proofs of service. ECF No. 1 at 1. He notes that his direct appeal from that conviction is still pending, but that he has separately filed a habeas petition with the California Supreme Court, which has been rejected. *Id.* at 1-2. This action must be dismissed if the direct appeal is, in fact, still pending. *See Espinoza v. Montgomery*, 107 F. Supp. 3d 1038, 1042 (N.D. Cal. May 27, 2015) (holding that the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1969) "applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.").

More broadly, the petition, which is pled haphazardly, appears to attack at least two different proceedings. As mentioned above, the petition addresses the state conviction for filing false proofs of service. It also, however, argues that the state's refusal to grant petitioner parole violates his rights. ECF No. 1 at 12-13. Whether he should be granted parole is a separate question from whether his original conviction violates his rights. The two issues cannot be pursued in the same petition.

It is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   October 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE