UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>           Petitioner,<br><br>      v.<br><br>C. PFEIFFER,<br><br>           Respondent. | Case No.   2:21-cv-01731-JDP (HC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION FOR URGENT RELEASE BE DENIED<br><br>ECF No. 9 |

Petitioner filed a habeas petition under section 2254 on September 22, 2021. ECF No. 1. After screening that petition, I found that it did not state a cognizable claim and offered petitioner a chance to amend. ECF No. 8. As of the date of these findings and recommendations, petitioner has not filed an amended petition. He has, however, filed a motion for urgent release and a request for transfer, ECF No. 9, that asks that he be released immediately or, failing that, transferred to a state prison in the Sacramento area. Petitioner has not shown that he is entitled to preliminary injunctive relief, and this motion should be denied.

**Analysis**

Petitioner offers numerous reasons for why he should be released or transferred. Among them, he cites the ongoing Covid-19 pandemic, the existence of other contagious diseases like tuberculosis, and the threat of prison gangs. ECF No. 9 at 1. This motion for preliminary

1

injunctive relief must be denied.  To obtain preliminary injunctive relief, a party must show: (1) a likelihood of success on the merits; (2) a likelihood that the party will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner's initial petition offered no cognizable habeas claim, *see* ECF No. 8, and, as of yet, he has not filed an amended petition.  Thus, he cannot show that he is likely to prevail on the merits.  Additionally, it may be uncertain whether preliminary injunctive relief is even available in section 2254 habeas actions.  *See Clifton v. Attorney Gen. of Cal.*, 997 F.2d 660, 663 (9th Cir. 1993) ("[W]hile a writ of habeas corpus may resemble injunctive relief to the extent that the writ requires state officials to cease enforcing a statute with regard to a particular petitioner, a habeas writ does not grant injunctive relief."); *see also McClendon v. Trigg*, 79 F.3d 557, 559 (7th Cir. 1996) ("Section 2254 authorizes a federal court to grant relief from unlawful custody, not to adjudicate all potential grievances between a prisoner and the state.").

      Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

      It is RECOMMENDED that petitioner's motion for urgent release or transfer, ECF No. 9, be DENIED without prejudice.

      I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Plaintiff may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   December 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE