UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, | Case No. 2:21-cv-01731-TLN-JDP (HC) |
| Petitioner, | ORDER FINDING THAT THE AMENDED PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING A FINAL OPPORTUNITY TO AMEND WITHIN THIRTY DAYS |
| v. | |
| C. PFEIFFER, | |
| Respondent. | ECF No. 18 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He has filed an amended petition that, for the reasons stated below, cannot proceed. Having already afforded petitioner one opportunity to amend, I will give him one final chance to submit a viable section 2254 petition.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition before me raises at least two separate claims. Initially, petitioner argues that at the trial resulting in his conviction, his attorney rendered ineffective assistance and the prosecutor confiscated evidence that would have helped his case. ECF No. 18 at 4. Separately,

he argues that the California Department of Corrections and Rehabilitation has violated his rights by refusing to grant him parole. *Id.* at 12. Intermingled with these claims are what appear to be additional claims about the inadequacy of prison medical treatment for Covid-19. *Id.* at 19. Petitioner's claims attacking the validity of his conviction are suited to a section 2254 action. Those attacking his denial of parole or conditions of confinement are not. If petitioner wishes to pursue a section 2254 action, he must file a petition that contains only claims related to the validity of his conviction. Alternatively, he may explicitly state that he wishes to abandon his 2254 claims and pursue either a section 1983 action related to his conditions of confinement or a section 2241 petition related to his denial of parole.

It is ORDERED that:

1. Petitioner may file an amended petition (or notification that he wishes to pursue a different type of action) within thirty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form and a section 1983 form.

IT IS SO ORDERED.

Dated:   March 28, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2