UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>             Petitioner,<br><br>    v.<br><br>C. PFEIFFER,<br><br>             Respondent. | Case No.  2:21-cv-01731-TLN-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE SECOND AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND AS UNEXHAUSTED<br><br>ECF No. 22 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  He has been given two chances to amend his petition, ECF Nos. 8 & 21, and has now filed his second amended petition, ECF No. 22.  After reviewing the second amended petition, I conclude that petitioner's claims are unexhausted and should be dismissed without prejudice.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2241 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. [1]  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner raises various claims related to a 2020 conviction in Sacramento County Superior Court.  ECF No. 22 at 1.  He states that he raised these claims in a direct appeal to the California Court of Appeal, *id.* at 2, but he makes no mention of presenting these claims to the

---

[1] This rule may be applied to petitions brought under § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

California Supreme Court by way of a petition for review.[2] Petitioner also states that he filed a state habeas petition in Sacramento County Superior Court, *id.* at 2-3, but that he declined to file a habeas petition with any higher state court because "there is no appeal for habeas corpus proceedings."[3] *Id.* at 3. A federal habeas court may not consider the merits of a petitioner's claims unless they have first been presented to the highest state court. *See Walden v. Shinn*, 990 F.3d 1183, 1196 (9th Cir. 2021) ("Exhaustion requires that a petitioner fairly present his federal claims to the highest state court available.") (internal quotation marks omitted) (quoting *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008)). Here, petitioner failed to present his claims to the California Supreme Court and, so I may not consider their merits. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Petitioner may re-file his claims if and when he has properly exhausted them in state court. Additionally, if he has, in fact, exhausted his claims, he may explain as much in his objections to these recommendations.

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 22, be DISMISSED as unexhausted.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the

---

[2] Petitioner has left the form blank as to whether he presented his direct appeal to the California Supreme Court. The form instructs that, "[i]f you sought further review by a higher state court" the petitioner is to indicate as much. ECF No. 22 at 2. I note that, in a previous petition, petitioner attached what purports to be a decision by the California Supreme Court on his claims. ECF No. 18 at 31. That "decision" is a docket sheet. *Id.* That docket indicates that the only issue to which the California Supreme Court ordered a response is "[d]o the conditions of confinement in the Rio Consumnes Correctional Center, as set forth in claim 1, violate the Eighth Amendment?" *Id.* The California Supreme Court ultimately denied this petition as moot, *id.*, an indication that the claims at issue in this case were not considered.

[3] Petitioner is correct that the denial of his state habeas petition was non-appealable. He could still, however, file an original petition with the California Supreme Court. *Nino v. Galaza*, 183 F.3d 1003, 1006, n.2 (9th Cir. 1999) ("In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.").

findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 5, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE