1

2

3

4

5              UNITED STATES DISTRICT COURT

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    RAGHVENDRA SINGH,                    Case No.   2:21-cv-01731-TLN-JDP (HC)

9                    Petitioner,          ORDER DENYING PETITIONER'S MOTION
                                          TO APPOINT COUNSEL
10        v.
                                          ECF No. 31
11   CHRISTIAN PFEIFFER,
                                          FINDINGS AND RECOMMENDATIONS
12                  Respondent.           THAT RESPONDENT'S MOTION TO
                                          DISMISS BE GRANTED
13
                                          OBJECTIONS DUE IN FOURTEEN DAYS
14
                                          ECF No. 28
15

16        Petitioner Raghvendra Singh filed a petition for a writ of habeas corpus under 28 U.S.C.

17   § 2254.  Respondent moves to dismiss the petition, ECF No. 28, and argues that the petition must

18   be dismissed because state court proceedings are ongoing.  Petitioner has opposed the motion and

19   moved to appoint counsel.  ECF No. 31.  The motion to dismiss should be granted.

20        No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F.

21   Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically

22   provided for in the rules but must be inferred from their structure and the Advisory Committee

23   Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the

24   court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.*

25   *Maass,* 915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears"

26   that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

27        Respondent argues that petitioner's conviction is not final because his conviction in state

28   court was not final at the time the petition was filed, and proceedings remain ongoing as of the

1

1  filing of the instant motion.  ECF No. 28 at 2; ECF No. 30-1 at 2.  Respondent contends that,

2  under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), I must dismiss

3  petitioner's habeas claims because they implicate pending state criminal proceedings.  I agree.

4       *Younger* abstention is required where: (1) state proceedings are ongoing; (2) the

5  proceeding implicates important state interests; (3) the plaintiff is not barred from litigating

6  federal constitutional issues in the state proceeding; and (4) "the federal court action would enjoin

7  the proceeding or have the practical effect of doing so, i.e., would interfere with the state

8  proceeding in a way that *Younger* disapproves."  *San Jose Silicon Valley Chamber of Commerce*

9  *Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th. Cir. 2008).  Here, the

10  proceedings are ongoing.  Criminal proceedings implicate important state interests.  *See Kelly v.*

11  *Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice

12  systems free from federal interference is one of the most powerful of the considerations that

13  should influence a court considering equitable types of relief.").  Petitioner may raise his federal

14  claims by way of the state habeas process after his sentencing his finalized.  Finally, rulings on

15  the validity of the underlying conviction in this court might interfere with the ongoing state

16  proceedings.

17       Petitioner does not contest that state proceedings are ongoing.  Rather, he argues that the

18  resentencing issues on remand do not bear on the claims in his petition and that he will suffer

19  irreparable harm in the absence of federal intervention.  ECF No. 31 at 1.  These arguments are

20  unavailing.  Federal habeas review is closed to petitioner until his conviction is finalized,

21  regardless of the likelihood that ongoing proceedings will render his desired relief.  Petitioner has

22  not identified any authority supporting a relevant exception to the *Younger* doctrine.  I also reject

23  petitioner's arguments that he cannot await resolution of the state court proceedings either

24  because of certain health issues or because prison conditions are dangerous.  ECF No. 31 at 1.  If

25  such conditions could establish irreparable harm and circumvent *Younger*, the abstention doctrine

26  would be inapplicable in litigation involving prisoners.  *See World Famous Drinking Emporium,*

27  *Inc. v. Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) ("[F]ederal courts should not enjoin pending

28  state criminal proceedings except under extraordinary circumstances where the danger of

1    irreparable loss is both great and immediate.").  If petitioner believes that he is not receiving

2    adequate medical treatment, he may file a section 1983 action.

3           Given that I am recommending dismissal, I also deny petitioner's request for appointment

4    of counsel.

5           It is ORDERED that petitioner's motion to appoint counsel, ECF No. 31, is DENIED.

6           I recommend that respondent's motion to dismiss ECF No. 28, be GRANTED and that the

7    petition be dismissed under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

8           These findings and recommendations are submitted to the U.S. district judge presiding

9    over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the

10   service of the findings and recommendations, the parties may file written objections to the

11   findings and recommendations with the court and serve a copy on all parties.  That document

12   must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

13   presiding district judge will then review the findings and recommendations under 28 U.S.C.

14   § 636(b)(1)(C).

15

16   IT IS SO ORDERED.

17

18   Dated:    November 29, 2022                          _____

     JEREMY D. PETERSON
19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28